UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONAH DOLOR, : <br> : <br> Plaintiff, : <br> : Civil Action No. 13-4511 (SRC) <br> v. : <br> : OPINION <br> COMMISSIONER OF SOCIAL SECURITY, : <br> : <br> Defendant. : <br> : <br> : | |

**CHESLER,** District Judge

    Plaintiff Jonah Dolor, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), seeks review of the Commissioner of Social Security Administration's ("the Commissioner") decision denying his application for Social Security Disability Benefits.  Plaintiff argues that the decision is not supported by substantial evidence and should be reversed.  For the reasons set forth in this Opinion, this Court finds the Commissioner's decision is supported by substantial evidence and will be affirmed.

    While much of Plaintiff's brief is written in very abstract terms about Social Security law generally, with little reference to the specifics of ALJ Barbara Dunn's (the "ALJ") decision filed on March 20, 2012, the thrust of Plaintiff's argument is that the ALJ's decision is not supported by substantial evidence.  Plaintiff's case is summed up in this statement: "the administrative law judge ignored the key underlying symptoms of incapacitating pain caused by the ill-fitting prosthesis which the plaintiff has had no choice but to utilize . . ." (Pl.'s Br. 10.)  Plaintiff recognizes that, under the law, he bears the burden of proof at the first four steps of the five-step

1

evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Thus, in reviewing the ALJ's decision, this Court asks both what evidence was offered by Plaintiff that the ALJ is alleged to have ignored, and whether substantial evidence supports the ALJ's decision. The only evidence mentioned in Plaintiff's brief is his personal testimony about his pain. The brief does not discuss specifically the medical evidence that the ALJ did consider.

Determinations of disability are made by the Commissioner pursuant to the five-step process outlined in 20 C.F.R. § 404.1520. In summary, the ALJ arrived at her conclusion that Plaintiff is not disabled through the following steps. At step one, the ALJ found that Plaintiff's earnings in excess of substantial gainful activity levels were due to special accommodations, and so these earnings were disregarded for the purpose of the five-step evaluation process. At step two, the ALJ found that Plaintiff had the following severe impairments: status post below-the-knee amputation of the right leg, scoliosis, and fusion of two toes of the left foot. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment in the Listings. At step four, the ALJ reviewed the evidence of record and concluded that Plaintiff retained the residual functional capacity to perform sedentary work, with some additional limitations, but that he was unable to perform any past relevant work. At step five, based on the testimony of a vocational expert, considering all the relevant factors, the ALF found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. As a result, the ALJ concluded that Plaintiff was not disabled.

Plaintiff's brief does not identify the step at which the ALJ is alleged to have erred, but it appears that Plaintiff contends that the ALJ erred in arriving at her residual functional capacity

determination during step 4. This Court thus will review the residual functional capacity determination to see if it is supported by substantial evidence.

In short, the ALJ's decision discusses the following evidence: Plaintiff's testimony, Plaintiff's mother's testimony, medical records from Bergen Regional Medical Center covering a period of approximately two years, a report from an orthopedist's consultative examination, and a residual functional capacity assessment by a state agency physician based on a review of records. The ALJ concluded that "the balance of the medical evidence supports the residual functional capacity assessment of the state agency medical consultant, noting a sedentary residual functional capacity with postural limitations and with limitations in pushing and pulling as noted." (Tr. 28.)

The ALJ's residual functional capacity assessment appears to be based on substantial evidence: two years of medical records, a consultative examination by an orthopedist, and a residual functional capacity assessment by a state agency physician based on a review of records. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). That standard is certainly met here. The residual functional capacity determination has adequate support in evidence of record.

The problem for Plaintiff is that he does not give this Court any basis to conclude otherwise. Plaintiff makes no specific argument that the ALJ erred in his evaluation of any of the medical evidence. Rather, there is only this vague, unexplained statement:

> [T]he plaintiff herein contends that the administrative law judge erred in giving improper weight to the evidence presented in the medical reports and reports and further erred in improperly discrediting the plaintiff in light of his own testimony as to his complaints of pain . . .

3

(Pl.'s Br. 12.) Plaintiff gives no explanation of what he means in asserting that the ALJ gave "improper weight" to the evidence in the medical reports. Absent some explanation, this Court sees no basis to conclude that the weight given to the medical reports by the ALJ was improper.

Nor does this Court see a basis to conclude that the ALJ's discrediting Plaintiff's complaints of pain was improper. The ALJ explained that she found that Plaintiff's statements concerning the limiting effects of his pain were not credible to the extent that they were inconsistent with the residual functional capacity assessment. (Tr. 28.) In other words, the ALJ gave greater weight to the objective medical evidence and discounted Plaintiff's subjective reports of pain to the extent that they were inconsistent with that medical evidence. This is entirely proper. The relevant Regulation states: "In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). The ALJ considered Plaintiff's reports of pain and inquired whether they were consistent with the objective medical evidence, just as this Regulation requires. Because the ALJ found that, in part, the reports of pain were not consistent with the objective medical evidence, she discounted the reports to that extent.

For the reasons stated above, this Court finds that the ALJ's decision is supported by substantial evidence and is affirmed.

                   s/ Stanley R. Chesler
                   STANLEY R. CHESLER, U.S.D.J.

Dated: July 7, 2014